## MABB et al. v. STEWART et al.

### L. A. No. 1260; June 7, 1904.

#### 77 Pac. 402.

**Remittitur—Filing—Presumption.**—Under Statutes of 1895, page 269, chapter 207, and Code of Civil Procedure, section 1963, sub-divisions 15 and 17, providing that it will be presumed that official duty has been performed, and that a judicial record, when not con-clusive, still correctly determines or sets forth the rights of the parties, it will be presumed that failure to file the remittitur for four months after it was sent down was because the fee for filing had not been paid or tendered, or for some other sufficient reason.

**Costs—Time for Filing Memorandum.**—A memorandum of costs filed three days after the filing of the remittitur is filed in due time.

APPEAL from Superior Court, San Bernardino County; Benjamin F. Bledsoe, Judge.

Action by J. W. Mabb and others against Lyman Stewart and others. On appeal there was a decision for defendants, and, from an order allowing them to file a memorandum of their costs on appeal, plaintiffs appeal. Affirmed.

Cramer B. Morris and J. L. Murphey for appellants; Otis & Gregg (Howard Surr of counsel) for respondents.

SMITH, C.—The parties here are the same as in the case of the same title heretofore decided by this court (133 Cal. 556, 65 Pac. 1085), and the appeal is from an order of the lower court, of date January 6, 1902, allowing the defendants to file a memorandum of their costs on appeal.

The case is: The decision of this court, which was for the defendants, was rendered August 7, 1901. The remittitur was issued September 7, 1901, and received by the clerk of the lower court September 9th of the same year, but was not filed by the clerk until January 3, 1902. The reason of the clerk's delay in filing does not appear, but, in sup-port of the correctness of the record and of the regularity of the officer's proceeding, it will be presumed it was because the fee for filing had not been paid or tendered, or that there was some other sufficient cause (Stats. 1895, p. 269, c. 207; Code Civ. Proc., secs. 1963, subds. 15, 17); for other-wise it would have been the duty of the court, on proper

motion, to have ordered the filing to be corrected so as to show the right date. The order appealed from (after some further proceedings that need not be particularized) was made January 6, 1902, and the memorandum of costs therein referred to was presumably filed on the same day—that is to say, three days after the filing of the remittitur. The memorandum was therefore filed in due time. It might have been filed without any order of the court, but it was within the power of the court to make the order, and, in view of the misunderstanding of the parties as to the defendants' rights, such action was not inappropriate.

Under this view of the case, the facts shown in the bill of exceptions, other than those above stated, and the various points made by the appellants' counsel, become immaterial, and need not be stated or considered.

We advise that the order appealed from be affirmed.

We concur: Gray, C.; Chipman, C.

For the reasons given in the foregoing opinion the order appealed from is affirmed: Van Dyke, J; Angellotti, J.; Shaw, J.